O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#39

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9010 PSG (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Miguel Urbina Garzon v. Francesco Andrea Varese, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Denying Defendant's Motion for Attorney's Fees

I.     Background

   Plaintiff Miguel Urbina Garzon ("Plaintiff") filed a Complaint against Defendant Francesco Andrea Varese ("Defendant") alleging that Defendant breached the terms of a promissory note entered into on or about May 21, 2006 (the "Note").  The alleged agreement contained a choice of law provision identifying that California law would govern any dispute. Defendant successfully removed the contract dispute to this Court and filed an answer denying the validity of the Note.

   On November 15, 2010, the eve of trial, the Court heard oral arguments on Plaintiff's Motion to Continue the Trial.  As no good cause was shown, the Court denied Plaintiff's request and dismissed the case without prejudice for failure to prosecute pursuant to Federal Rule 41(b).

   On November 29, 2010, Defendant filed a motion for an award of attorney's fees. Plaintiff opposed Defendant's motion by arguing that Defendant could not recover attorney's fees under the Note because Defendant consistently maintained that it was unenforceable.  For the reasons that follow, the Court DENIES Defendant's request for attorney's fees.

II.     Legal Standard

   Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  However, an award of attorneys' fees may be proper where a valid contract or statute

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9010 PSG (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Miguel Urbina Garzon v. Francesco Andrea Varese, *et al.* | | |

shifts fees to a losing party. *See, e.g.*, *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). In order to award attorneys' fees to a party in litigation, a court must be satisfied that both (1) the party is entitled to the fees and (2) that the fee award is reasonable. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)). If it is state law that allows for a fee award, federal courts must look to that law to determine the propriety of such an award. *Michael-Regan Co., Inc. v. Lindell,* 527 F.2d 653, 656 (9th Cir. 1975).

III.   Discussion

Defendant seeks attorney's fees pursuant to Cal. Civ. Code § 1717(a) and under the Note. Plaintiff objects to Defendant's motion for attorney's fees on grounds that a party who disputes the existence of a promissory note cannot benefit from the note's fee provision.

California Civil Code section 1717 governs the recovery of attorney's fees in connection with contract-related disputes. In relevant part, it provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract*, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs…

> The court, upon notice and motion by a party, shall determine who is the party *prevailing on the contract* for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract for purposes of this section.

Cal. Civ. Code § 1717(a), (b)(1) (emphasis added). In *Hsu v. Abbara*, 9 Cal. 4th 863, 39 Cal. Rptr. 2d 824 (1995), the California Supreme Court explained:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9010 PSG (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Miguel Urbina Garzon v. Francesco Andrea Varese, *et al.* | | |

> In deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded *on the contract claim or claims* with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon *final resolution of the contract claims* and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.

*Id.* at 876 (emphasis added) (quotations and citations omitted).

    Courts disagree over whether a party who secures a dismissal in its favor on technical grounds is a prevailing party within the meaning of section 1717. For the most part, though, district courts that have addressed this question have answered it in the negative. For instance, in *CK DFW Partners Ltd. v. City Kitchens, Inc.*, 541 F. Supp. 2d 839 (N.D. Tex. 2008), the defendants successfully moved to dismiss under Federal Rule of Civil Procedure 12(b)(3), for improper venue. *Id.* at 840. The court, however, denied their motion for attorney's fees, reasoning that it had yet to be determined whether plaintiffs would ultimately succeed or fail on the merits of their contract claims.[1] *Id.* at 843. The court in *Laurel Village Bakery, LLC v. Global Payments Direct, Inc.*, No. CV 06-1332 MJJ, 2007 U.S. Dist. LEXIS 95238 (N.D. Cal. Dec. 14, 2007), reached a similar conclusion. Like the defendants in *CK DFW Partners*, the defendants in *Laurel Village Bakery* successfully secured a dismissal in their favor for improper venue. *Id.* at *1-2. And like the defendants in *CK DFW Partners*, their attempt to recover attorney's fees was rejected by the district court, which reasoned that "[d]efendants do not constitute a 'prevailing party' entitled to fees because no decision has been reached on the merits of Plaintiff's contract claims." *Id.* at *10 (citing *Hsu*, 9 Cal. 4th at 876); *see also Mail Boxes, Etc., Inc. v. Sanford Indus., Inc.*, No. CV 06-6027 AA, 2006 U.S. Dist. LEXIS 25715 (D. Or. 2006) (holding defendants not entitled to fees under section 1717 because court dismissed breach of contract case for lack of venue).

    District courts have also rebuked defendants' efforts to recover attorney's fees under section 1717 when the technical ground for dismissal was lack of jurisdiction. For example, in *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903 (N.D. Cal. 2005), the court dismissed the plaintiff's breach of contract case for lack of subject matter jurisdiction. *Id.* at 904.

---

[1] The court applied California law because the parties had included express choice-of-law provisions in their agreements. *Id.* at 840.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#39

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9010 PSG (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Miguel Urbina Garzon v. Francesco Andrea Varese, *et al.* | | |

Subsequently, the court denied the defendants' motion for attorney's fees, reasoning that because the plaintiff could pursue its contract claims in state court, "it remain[ed] to be seen which entity is the 'prevailing party' on Plaintiff's contract action." *Id.* at 905. Similarly, in *N.R. v. San Ramon Valley Unified Sch. Dist.*, No. CV 05-441 SI, 2006 U.S. Dist. LEXIS 47287 (N.D. Cal. 2006), the court found that while the defendant prevailed in the "action" by successfully arguing that the court lacked jurisdiction, it did not prevail "on the contract claim." *Id.* at *7.

While the district courts appear to be in agreement on the immediate issue, at least one California court has reached a different conclusion. In *Profit Concepts Mgm't, Inc. v. Griffith*, 162 Cal. App. 4th 950, 76 Cal. Rptr. 3d 396 (2008), the California Court of Appeal affirmed the superior court's grant of attorney's fees to the defendant, who had previously successfully moved to quash service of summons for lack of personal jurisdiction. The court explained that since the case had been "completely resolved vis-à-vis the California courts," there was a "final resolution of the contract claims." *Id.* at 956.

This Court agrees with the district courts cited above. A party who prevails in an action does not necessarily prevail on the contract claim in that action. Section 1717 defines a prevailing party as the one who prevails "on the contract." Cal. Civ. Code § 1717(a), (b)(1). Under California law, one prevails "on the contract" only if there has been "final resolution of the contract claim[.]" *Hsu*, 9 Cal. 4th at 876; *see also Lachkar v. Lachkar*, 182 Cal. App. 3d 641, 648, 227 Cal. Rptr. 501 (1986) ("[Section 1717] still requires that there be some final disposition of the rights of the parties."). Here, the Court dismissed this case without prejudice pursuant to Federal Rule 41(b) meaning the plaintiff is allowed to bring a new suit on the same claim. In this case there has been no determination whatsoever of the merits of the contract claims.[2] Accordingly, Defendant has not prevailed "on the contract" within the meaning of section 1717.

---

[2] Generally, a dismissal for failure to prosecute under Rule 41(b) operates "with prejudice," or "on the merits." *See* Fed. R. Civ. P. 41(b). However, that is not the case if the Court indicates that the dismissal is "without prejudice." *See id.* ("*Unless the dismissal order states otherwise*, a dismissal under [41(b)] . . . operates as an adjudication on the merits."(emphasis added)). In this case, the Court specifically dismissed the case "without prejudice," *see* Dkt. # 38, thus making the dismissal similar to those for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19." *See id.* As a result, the Court examines the award of attorney's fees in cases dismissed for those "without prejudice" reasons listed, and applies the same reasoning here.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#39**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9010 PSG (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Miguel Urbina Garzon v. Francesco Andrea Varese, *et al.* | | |

      In summary, there is a distinction between a prevailing party in an action and a prevailing party on a contract claim. *See N.R.*, 2006 U.S. Dist. LEXIS 47287, at *7. This distinction is a decisive one. Because Defendant secured a dismissal on technical grounds, rather than a judgment on the merits of the contract claim, he is not the prevailing party within the meaning of section 1717 and is, therefore, not entitled to attorney's fees.

IV.    <u>Conclusion</u>

      Based on the foregoing, the Court DENIES Defendant's Motion for an Award of Attorney's Fees.

      **IT IS SO ORDERED.**